UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CHRISTIAN RAMOS, | : | CIV. NO. 24-6645 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| RACHEL THOMPSON, WARDEN FCI FORT DIX, | : | |
| Respondent | : | |

RENÉE MARIE BUMB, Chief United States District Judge

Petitioner Christian Ramos, a federal prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking declaratory and injunctive relief based on inadequate medical care, in violation of the Eighth Amendment. (Pet., Dkt. No. 1.)

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

I.  **DISCUSSION**

   A.  **The Petition**

Petitioner alleges the following facts in his petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1-2.) Petitioner reported his continuing medical symptoms to BOP staff for eleven months, but he has never been evaluated by a specialist, and he remains in significant pain. Petitioner submitted his medical records with his petition, requesting that the Court review the records or order an independent review by a physician, which Petitioner claims will lead to the conclusion that he has not received adequate medical care.[2]

Specifically, Petitioner alleges he first notified BOP, on June 22, 2023, of his medical symptoms of lower abdominal pain, nausea, blood in urine, painful urination, testicular pain, incontinence and constipation. Petitioner's condition was never diagnosed, nor was he provided a treatment plan, and his symptoms persist. Petitioner has received some medical evaluation and treatment within the prison, but he alleges the care was inadequate because it never led to a proper diagnosis or relief of his symptoms. Petitioner requests that this Court order an independent third party

---

[2] "Because 'mere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation,' *Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987), when medical care is provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (additional citation omitted). Therefore, in an Eighth Amendment inadequacy of medical care claim, a plaintiff must allege "that *a particular treatment or diagnosis* fell below a professional standard of care" and the defendant acted with a deliberately indifferent state of mind. *Id.* at 536 (emphasis added). Establishing the professional standard of care may ultimately require expert testimony. *Id.*

physician to evaluate Petitioner's medical condition; submit the results to the Court to determine an appropriate medical plan; order the BOP to follow the medical plan completely, and for the Court to monitor Petitioner's medical care.

### B. Habeas Jurisdiction

28 U.S.C. § 2241(c)(3) provides, "The writ of habeas corpus shall not extend to a prisoner unless-- … [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" A habeas petition is the proper vehicle for a prisoner to (1) challenge "the constitutionality of [the] physical confinement itself" and (2) seek "either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "Where a petitioner seeks release from detention, habeas … is proper." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020). "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024) (holding the writ of habeas corpus is limited to attacks upon the legality or duration of confinement and does not cover claims based on allegations that conditions of confinement violate the Eighth Amendment.)

Petitioner does seek immediate release from prison or a shorter duration of confinement, he seeks a change in his medical care while incarcerated. Therefore, the Court will dismiss the habeas petition for lack of jurisdiction, and direct the Clerk of Court to file the petition as a civil rights complaint for injunctive relief under 28 U.S.C.

§ 1331. The Court makes no finding as to the merit of Petitioner's Eighth Amendment claim. If Petitioner wishes to proceed, he must pay the $405 filing and administrative fees, or if Petitioner is financially eligible, he may choose to seek *in forma pauperis* ("IFP") status and pay the filing fee in installments pursuant to 28 U.S.C. § 1915(a). Petitioner should be advised, however, that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2). If Petitioner pays the filing fee or seeks IFP status, the complaint will subject to screening for dismissal, and if it is dismissed, the filing fee will not be returned. If Petitioner chooses to do so, he may reopen the new civil action and file an amended complaint.

## II.   CONCLUSION

The Court lacks jurisdiction under 28 U.S.C. § 2241 over Petitioner's Eighth Amendment inadequate medical care claim. In the accompanying Order, the Court will dismiss the habeas petition for lack of jurisdiction, and direct the Clerk to file a

copy of the habeas petition in a new civil action, as a prisoner civil rights complaint under 28 U.S.C. § 1331.

**Dated:** <u>July 24, 2024</u>                            <u>s/Renée Marie Bumb</u>
                                                          RENÉE MARIE BUMB
                                                          Chief United States District Judge